Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
465 S 400 E, Suite 200
Salt Lake City, Utah 84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| In re: | Case No. 24-24765 |
|---|---|
| CONNOR LEE CHRISTENSEN<br>CALIESA JAIME CHRISTENSEN | Chapter 13<br>Hon. Kevin R. Anderson |
| Debtor. | *Hearing: February 24, 2026 at 2:30 P.M.* |

**TRUSTEE'S RESPONSE TO DEBTORS' MOTION TO MODIFY CHAPTER 13 PLAN**

Lon A. Jenkins, Chapter 13 Trustee, by and through counsel, hereby responds to the above-referenced Motion as follows:

1. As of the date of this response, the Debtors are current on plan payments.

2. This is a below median case. Pursuant to the Confirmation Order, Debtors are required to make payments of $550.00 per month for 15 months, changing thereafter to $1,045.00 until nonpriority unsecured creditors receive no less than a 100% distribution on their allowed claims. Additionally, Debtor is required to submit a lump sum contribution of no less than $21,473.17 on or before June 25, 2026.  *See* Order at Doc. No. 47.

3.      An amended Confirmation Order (Doc. No. 52) was filed on January 23, 2026, which was not endorsed by Counsel. The deadline to contribute the lump sum amount of $21,473.17 was modified to "on or before September 30, 2026". *See* Order at Doc. No. 52.

4.      The Debtors seek Court approval to: 1) extend the deadline to sell or refinance the real property to no later than September 25, 2026; and 2) modify the plan to reduce the plan payment to $550.00 per month until September 25, 2026.

5.      The Trustee does not oppose extending the deadline to September 25, 2026.

6.      The Debtors have already submitted the January 25, 2026 plan payment of $1,045.00 so the Trustee opposes any payment reduction prior to February 25, 2026.

7.      It appears that the Debtors have the ability to make the $1,045.00 payment so the Debtors have not established a legitimate basis for the plan payment reduction. The Debtors have not asserted change in income or expenses to warrant a reduction in the plan payment in her motion to modify. Parties proposing modifications must have a legitimate reason to do so and debtors cannot modify their plans "willy-nilly." In re Hughes, 2009 WL 2252181 *4 (Bankr. D.Utah 2009).

8.      Prior to the hearing, the Trustee requests Debtors provide an update as to the status of the refinance or alternatively provide a listing agreement for the real property.

9.      Unless a fee application is filed, the Trustee objects to an Order granting fees and costs because the Motion does not comply with 11 U.S.C. § 330 or Fed. R. Bankr. P. 2016.

WHEREFORE, the Trustee objects to entry of an Order granting the relief requested in the Motion.

DATED: February 20, 2026.

/s/Katherine T. Kang
KATHERINE T. KANG
Staff Attorney for Chapter 13 Trustee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing paper was served by ECF (as indicated below) or addressed to the following parties and deposited in the U.S. Mail, first-class postage prepaid, on February 20, 2026.

THERON D. MORRISON
ECF Notification

/s/    KTK
Office of the Chapter 13 Trustee

3